UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE PILAR GUADARRAMA,

    Plaintiff,

    v.

UR MENDOZA JADDOU, et al.,

    Defendants.

Case No. 25-cv-00340-KAW

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 26

On January 9, 2025, Plaintiff Jose Pilar Guadarrama filed the instant action, seeking to compel Defendants Ur Mendoza Jaddou, U.S. Citizenship and Immigration Services ("USCIS"), and Connie Nolan to adjudicate the Form I-130 petition (the "Petition") filed by Plaintiff for his son, Francisco Guadarrama Nava. (Compl., Dkt. No. 1.) Pending before the Court is Defendants' motion for summary judgment. (Defs.' Mot. for Summ. J., Dkt. No. 26.)

The Court previously found this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b). (Dkt. No. 32.) Having considered the parties' filings and the relevant legal authorities, the Court GRANTS Defendants' motion for summary judgment.

## I.    BACKGROUND

On or around January 3, 2022, Plaintiff filed the Petition with Defendant USCIS on behalf of his son, Nava. (Frazier Decl. ¶ 5, Dkt. No. 26-1.) The Petition states that Nava was married to Sylvia Gomez but is currently separated, although there were no documents submitted with the Petition showing that the marriage had been legally terminated. (Frazier Decl. ¶ 7.) Thus, the Petition fell in the family third-preference ("F3") visa category for married sons and daughters of U.S. citizens. (Frazier Decl. ¶ 8.)

Preference visa categories have statutorily set numerical limits for each fiscal year. (Frazier Decl. ¶ 9.)  When a Form I-130 petition is for a visa that is in one of these limited preference categories, the beneficiary is placed in line in the appropriate preference category according to the petition's priority date, *i.e.*, the date the petition was filed.  (Frazier Decl. ¶ 9.) Per the Visa Bulletin published by the Department of State for December 2025, the F3 category is oversubscribed, such that a visa is not available unless the priority date is earlier than May 1, 2001.  (Frazier Decl. ¶ 10.)  Further, applicants for such visas cannot submit required documents to the Department of State's Visa Center unless their priority date is before July 1, 2001.  (Frazier Decl. ¶ 10.)  USCIS Service Centers prioritize the adjudication of I-130 petitions when the Visa Bulletin shows that an immigrant visa is available or will soon become available, as this provides the greatest processing efficiencies because it is only when a visa is available that the beneficiary can adjust status or consular process based on an approved petition.  (Frazier Decl. ¶ 11.)

On January 9, 2025, Plaintiff filed the instant case, seeking to compel Defendants to adjudicate the Petition pursuant to the Administrative Procedures Act ("APA") and Mandamus Act.  (*See* Compl. ¶ 9.)  On January 29, 2026, Defendants filed the instant motion for summary judgment.  On March 9, 2026, Plaintiff filed an opposition.  (Pl.'s Opp'n, Dkt. No. 29.)  On March 23, 2026, Defendants filed a reply.  (Defs.' Reply, Dkt. No. 30.)

## II.    LEGAL STANDARD

A party may move for summary judgment on a "claim or defense" or "part of... a claim or defense." Fed. R. Civ. P. 56(a).  Summary judgment is appropriate when, after adequate discovery, there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. *Id.*; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Material facts are those that might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. Where

United States District Court
Northern District of California

2

the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Southern Calif. Gas. Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party may discharge its burden of production by either (1) "produc[ing] evidence negating an essential element of the nonmoving party's case" or (2) after suitable discovery "show[ing] that the nonmoving party does not have enough evidence of an essential element of its claim or defense to discharge its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000); *see also Celotex*, 477 U.S. 324-25.

Once the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. *See* Fed. R. Civ. P. 56(e); *Anderson,* 477 U.S. at 250. "A party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment. *Anderson,* 477 U.S. at 254. "Instead, the non-moving party must go beyond the pleadings and by its own evidence set forth specific facts showing that there is a genuine issue for trial." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (citations and quotations omitted). The non-moving party must produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Bhan v. NMS Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991). Conclusory or speculative testimony in affidavits and moving papers is insufficient to raise a genuine issue of material fact to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255; *Hunt v. City of Los Angeles,* 638 F.3d 703, 709 (9th Cir. 2011).

### III.    DISCUSSION

As an initial matter, the Court notes that Plaintiff asserts that the factual assertions provided in the declaration of Nicholas D. Frazier, Associate Portfolio Director, are "untested" and therefore "merit[s] the opportunity to assess via limited discovery[.]" (Pl.'s Opp'n at 3.)  Plaintiff,

3

however, neither provides any authority in support nor identifies any areas of discovery that would be warranted. *See Ahmed v. United States Dep't of State*, No. 23-cv-02474-SVK, 2024 U.S. Dist. LEXIS 14461, at \*18 (N.D. Cal. Jan. 26, 2024) (denying request for discovery because the plaintiff failed to show by affidavit or declaration that he could not present facts essential to justify his opposition, as required by Rule 56(d), as well as because the plaintiff failed to proffer sufficient facts to show that the evidence sought existed and would prevent summary judgment). Moreover, Plaintiff provides no evidence in support of his opposition at all, such that the Court cannot find there is a genuine dispute of material fact. *See Kiani v. U.S. Citizenship & Immigr. Servs.*, No. 8:24-cv-00422-JDE, 2024 U.S. Dist. LEXIS 220724, at \*8-9 (C.D. Cal. Dec. 5, 2024) ("As Plaintiffs have not cited evidence in the Opposition that contradicts the evidence relied upon in the Motion, the Court finds that no genuine dispute of material fact exists here.").

Defendants make three arguments for summary judgment: (1) Plaintiff has failed to identify a clear, non-discretionary duty, (2) the delay is not unreasonable pursuant to the *TRAC* factors, and (3) Plaintiff has failed to demonstrate entitlement to relief under the Mandamus Act.

### A.    Clear, Non-Discretionary Duty

First, Defendants argue that under both the APA and Mandamus Act, a claim exists "only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004); *see also Plaskett v. Wormuth*, 18 F.4th 1072, 1081 (9th Cir. 2021) ("the showing required to support a request for an order under [the APA] compelling an agency to take a discrete action mirrors the showing that is required to obtain mandamus-type relief"). Defendants contend that "Plaintiff cannot surmount this initial obstacle because no law compels Defendant to complete administrative processing within a time certain." (Defs.' Mot. for Summ. J. at 4.)

Defendants cite no authority in support. Rather, Plaintiff correctly points to 5 U.S.C. § 555(b), which states that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." (*See* Pl.'s Opp'n at 3.) Courts have thus found such language to impose a clear, certain, and mandatory duty to process I-130 petitions within a reasonable time. *Kiani*, 2024 U.S. Dist. LEXIS 220724, at \*11-12; *El-Arbi v. Poulos*, No. CV 07-6646 GAF (PLAx), 2008 U.S.

United States District Court
Northern District of California

Dist. LEXIS 129006, at *9-10 (C.D. Cal. Apr. 3, 2008).  Thus, Defendants are not entitled to summary judgment on this ground.

### B.    *TRAC* Factors

Second, Defendants argue that the delay is not unreasonable under the *TRAC* factors.  In determining whether an agency has unreasonably delayed an action, the Ninth Circuit has adopted the *TRAC* factors as follows:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by the delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Brower v. Evans*, 257 F.3d 1058, 1068 (9th Cir. 2001) (quoting *Telecommunications Research & Action v. FCC (TRAC)*, 750 F.2d 70, 80 (D.C. Cir. 1984)).

### i.    *TRAC* Factor 1: Rule of Reason

While no *TRAC* factor is itself determinative, "[t]he most important is the first factor, the 'rule of reason.'"  *Cmty. Voice v. U.S. EPA*, 878 F.3d 779, 786 (9th Cir. 2017).  "The essence of the rule of reason inquiry is whether the agency's response time is governed by an identifiable rationale."  *Ahmed*, 2024 U.S. Dist. LEXIS 14461, at *9.  Further, "[w]hen the alleged delay involves the processing of an immigrant visa application, district courts have examined both the length of the delay and the reasons for the delay."  *Id.*

Here, the Court finds that Defendants have identified a rule of reason.  Specifically, Defendants consider I-130 petitions in the order received, as "the beneficiary is placed in line in the appropriate preference factor category according to the Form I-130's priority date[,] which is the date that the Form I-130 was filed."  (Frazier Decl. ¶ 9.)  Further, because visas are limited in number, Defendants prioritize the adjudication of I-130 preference petitions when an immigrant visa is available or will soon be available, as this provides processing efficiencies as a beneficiary

can only adjust status or consular process when an immigrant visa is available.  (Frazier Decl. ¶ 11.)  Courts have found that both the "processing [of] applications in the order they were filed" and the "processing [of] applications based on visa availability" to be rules of reason.  *Kiani*, 2024 U.S. Dist. LEXIS 220724, at *14; *see also Jain v. Renaud*, No. 21-cv-03115-VKD, 2021 U.S. Dist. LEXIS 113113, at *10-11 (N.D. Cal. June 16, 2021) ("Indeed, all of the district courts that have considered this question have concluded that the visa availability approach satisfies the rule of reason."); *Vijetha Mulky Kamath v. Campagnolo*, No. SACV 21-01044-CJC(ADSx), 2021 U.S. Dist. LEXIS 213298, at *7 (C.D. Cal. Aug. 13, 2021) ("Courts have unanimously held that USCIS's 'first in, first out' policy for adjudicating immigration applications like Plaintiffs' qualifies as a 'rule of reason' that satisfies the first *TRAC* factor.").

Plaintiff complains Defendants have failed to provide a concrete timeline or processing benchmark but fails to explain why these are required.  (Pl.'s Opp'n at 4.)  Plaintiff also challenges whether Defendants' decision to associate the pending Petition with the availability of an immigrant visa is a rule of reason but cites no authority suggesting otherwise.  (*Id.*)  Instead, Plaintiff argues that the unavailability of a visa is not a valid reason because visas are issued by the Department of State rather than Defendant USCIS.  (*Id.*)  Plaintiff provides no explanation for why this is relevant; it is still undisputed that no visa is available to Nava.  Finally, Plaintiff argues that Defendants have failed to provide a case-specific explanation here, such as outstanding evidence requests, pending interviews, or unresolved background checks.  (*Id.* at 5.)  Again, Plaintiff cites no authority in support and ignores that Defendants have provided a case-specific explanation -- specifically, Defendants' consideration of I-130 petitions in the order received and the unavailability of a visa.  The lack of a *separate* reason, applicable only to Plaintiff, does not mean Defendants have failed to identify a rule of reason.

Whether there is a rule of reason, however, does not end the analysis.  *See Kiani*, 2024 U.S. Dist. LEXIS 220724, at *15 ("Even though each of USCIS's processing procedures (based on the order submitted and based on country-by-country visa availability) may satisfy the 'rule of reason' requirement, this alone does not necessarily render a delay reasonable.").  Rather, the Court must still consider the length of the delay in this specific case.  *See Ahmed*, 2024 U.S. Dist.

LEXIS 14461, at *9.  Here, there is no dispute that the Petition has been pending for four years. Courts in this district have found that delays of nearly five years not unreasonable.  *See id.* at *11 (collecting cases).  Thus, viewing this delay with the rule of reason identified by Defendants, the Court finds that the first *TRAC* factor weights in favor of Defendant.

### ii.   *TRAC* Factor 2: Congressional Timeline

The second factor considers whether Congress has set a specific timetable.  Courts have found that "Congress has not set [a specific] timetable to process I-130 petitions," and Plaintiff makes no argument to the contrary.  *Id.* at *14; *see also Ahmed*, 2024 U.S. Dist. LEXIS 14461, at *13.  "Because Congress has not provided a timetable for adjudication of immigrant visa applications, the second TRAC factor is neutral."  *Ahmed*, 2024 U.S. Dist. LEXIS 14461, at *13 (internal quotation omitted).

### iii.   *TRAC* Factors 3 and 5: Human Health and Welfare, and Nature of Interests

"The third and fifth *TRAC* factors overlap, requiring the court to consider whether human health and welfare are at stake, and the nature and extent of the interests prejudiced by the delay." *Poursohi v. Blinken*, No. 21-cv-01960-TSH, 2021 U.S. Dist. LEXIS 221350, at *24-25 (N.D. Cal. Nov. 16, 2021); *see also Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 509 (9th Cir. 1997).  Courts have found that the hardship caused by a prolonged separation from a loved one to be an example of harm.  *See Ahmed*, 2024 U.S. Dist. LEXIS 14461, at *14.  Here, however, Plaintiff does not address these factors at all, let alone provide evidentiary support.  In the absence of evidence of any harm to Plaintiff, the Court finds that these factors are neutral.

### iv.   *TRAC* Factor 4: Effect of Expediting Action

"The fourth *TRAC* factor considers the effect of expediting an agency action on other agency actions of higher or competing priorities, including others' pending administrative requests."  *Kiani*, 2024 U.S. Dist. LEXIS 220724, at *18.  Thus, "[c]ourts will generally not compel agency action where the result would be merely to expedite the consideration of a plaintiff's application ahead of others.  *Id.*

Such is the case here.  Plaintiff appears to argue that he is not requesting that his Petition be decided before others, but that he is only requesting that Defendants process petitions within a

United States District Court
Northern District of California

reasonable time. (Pl.'s Opp'n at 5.) It is not apparent how requiring the adjudication of Plaintiff's Petition now -- while other I-130 petitions filed before his continue to wait -- is not the type of "line skipping" that courts have rejected. In short, Plaintiff effectively asks that his Petition be decided before the petitions of others who filed before him. Courts have declined to do so, finding that "[e]arlier adjudication of Plaintiffs' Petition *only* unavoidably delays adjudication of others' I-130 petitions even if a visa would become available no earlier for Plaintiffs -- Plaintiffs' Petition would be adjudicated earlier [than that] of other similarly situated applicants merely because Plaintiffs sued." *Kiani*, 2024 U.S. Dist. LEXIS 220724, at *19-20; *see also Ahmed*, 2024 U.S. Dist. LEXIS 14461, at *16 ("Defendants have demonstrated that the fourth *TRAC* factor weighs in their favor because expediting the application of Plaintiff's spouse would result in no net gain in the appointment backlog while disadvantaging visa applicants of higher priority or of the same priority but whose applications have been pending longer."). Thus, this factor weighs in favor of Defendants.

### v.    *TRAC* Factor 6: Impropriety

The sixth *TRAC* factor considers any allegations of impropriety. Plaintiff argues that "the specter of impropriety is not beyond the realm of possibility" given that "[t]he current Administration has made several policy decisions that have had an anti-immigrant impact." (Pl.'s Opp'n at 6.) Plaintiff, however, fails to explain how those policies have any connection with the processing of I-130 petitions. Thus, this factor is neutral.

### vi.    Weighing the *TRAC* Factors

"In evaluating the *TRAC* factors, courts routinely afford the most weight to the first and fourth factors." *Ahmed*, 2024 U.S. Dist. LEXIS 14461, at *17 (internal quotation omitted). Both the first and fourth factors weigh in favor of Defendants, while the remaining factors are neutral. Thus, the Court finds that Defendants have established that they are entitled to summary judgment. *See id.* at *17-18; *Kiani*, 2024 U.S. Dist. LEXIS 220724, at *21-22 (finding that the *TRAC* factors favored Defendants where there was a 12-year delay in processing the plaintiff's I-130 petition).

United States District Court
Northern District of California

8

United States District Court
Northern District of California

**C.    Mandamus Act**

Finally, Defendant argues that the Mandamus Act also does not create a duty to adjudicate Plaintiff's Petition.  "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available."  *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (internal quotation omitted).

Defendant argues that Plaintiff has failed to establish these three factors.  (Defs.' Mot. for Summ. J. at 10.)  Plaintiff, in turn, merely identifies the factors and states: "All three requirements are satisfied here."  (Pl.'s Opp'n at 6.)  Plaintiff provides no further legal analysis, authority, or argument.

As discussed above, Plaintiff has failed to establish unreasonable delay under the *TRAC* factors.  Thus, Plaintiff has failed to demonstrate a clear and certain claim, and Defendants are entitled to summary judgment.

## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Defendants' motion for summary judgment.

Dated: June 5, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

9